Ismail Amin, Esq.
Nevada Bar No. 9343
THE AMIN LAW GROUP, NV., LTD
3753 Howard Hughes Parkway,
Suite 200
Las Vegas, NV 89169
Tel: 702.990.3583
Fax: 702.441.2488
iamin@talglaw.com

John van Loben Sels (*Pro Hac Vice*)
California Bar No. 201354
jvanlobensels@fishiplaw.com
Robert D. Fish (*Pro Hac Vice*)
California Bar No. 149711
rfish@fishiplaw.com
FISH IP LAW, LLP
2603 Main Street, Suite 1000
Irvine, California 92614
Telephone:	(949) 943-8300
Facsimile:	(949) 943-8358

*Attorneys for Plaintiff*
*Bird B. Gone Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BIRD-B-GONE INC., a California Corporation,<br><br>　　　　　Plaintiff,<br>　　v.<br>HAIERC INDUSTRY CO.,LTD., an alien,<br><br>　　　　　Defendant. | Case No. 2:18-cv-00819-APG-NJK<br><br>**ORDER ENTERING PERMANENT INJUNCTION** |

**ORDER ENTERING PERMANENT INJUNCTION**

1

This matter comes before the Court on the motion of Plaintiff Bird-B-Gone, Inc. (hereinafter "BBG" or "Plaintiff") for default judgment against Defendant Haierc Industry Co., Ltd., (hereinafter referred to as "HIC" or "Defendant"), filed concurrently herewith.

Now, therefore, the Court finds, concludes and orders as follows:

## I. FINDINGS OF FACT

Taking the well-pleaded allegations in the Complaint as true, the Court finds the following:

1. Plaintiff BBG makes and sells devices related to professional grade bird deterrents.

2. Plaintiff BBG owns all right, title and interest in the following United States patents ("the BBG Patents"): Nos. 7,596,910 ("the '910 Patent"); 8,276,324 ("the '324 Patent"); 8,479,457 ("the '9,457 Patent"); 7,941,977 ("the '977 Patent"); 8,250,814 ("the '814 Patent"); 8,191,303 ("the '303 Patent"); 8,365,457 ("the '5,457 Patent); and 8,601,747 ("the '747 Patent"). All the foregoing patents have been assigned to BBG.

3. The BBG Patents give BBG the right to exclude others from making, using, offering for sale, and selling products practicing the inventions claimed in the patents within the United States and from importing products practicing the claimed inventions into the United States. BBG also has the right to sue thereon and the right to recover for infringement thereof.

4. Defendant HIC advertises, sells, offers for sale, and/or imports to the United States at least the following products ("the Infringing Products"): Haierc model numbers: HC1118-W5, HC 1104-W3, HC 1104-W5, HC1101-U2, HC1101-W3, HC1101-W4, and HC1101-W5.

5. Defendant HIC owns, operates, and controls http://www.haierc.com and http://www.haiercpestcontrol.com/ ("the Websites"). Defendant HIC advertises, sells, offers for sale, and/or imports the Infringing Products to the United States through the Websites.

6. Defendant HIC advertises, sells, offers for sale, and/or imports the Infringing Products to the United States, through its "Distributor," "U.S.A Salesman" and "Sales

**ORDER ENTERING PERMANENT INJUNCTION**

Executive" ("the U.S. Distributors") in the United States.

7. Defendant HIC's U.S. distributors are acting as HIC's agents and are under HIC's control.

8. HIC's U.S. Distributors are HIC's "the strategic cooperation partner[s]."

9. Defendant HIC advertises, sells, offers for sale, and/or imports Infringing Products to the United States, through https://www.amazon.com/, Ebay and other similar B2C websites.

10. Defendant HIC acted to ensure the Infringing Products reach the United States by attending tradeshows in the U.S., and specifically in this District, targeting U.S. customers, listing U.S. distributors on the Websites and selling the Infringing Products on Amazon.com, Ebay and other similar B2C website.

11. Defendant HIC attended the National Hardware Show in Las Vegas, May 7-9, 2013.

12. Defendant HIC attended the National Hardware Show in Las Vegas, on or about May 11, 2014, and showed at least some Infringing Products. .

13. Defendant HIC attended the National Hardware Show in Las Vegas, May 5-7, 2015 (Booth Number: 11127).

14. Defendant HIC attended the National Hardware Show in Las Vegas in 2016 and 2017.

15. Defendant HIC announced its intention to import, exhibit, advertise, market, sell, and/or offer for sale the Infringing Products at the Booth 10854, National Hardware Show, May 8-10, 2018, in Las Vegas, Nevada.

16. On or about March 23, 2018, by and through its attorneys of record, Plaintiff served a Cease and Desist Letter ("the Letter") on Defendant HIC, both in English and in Chinese.

17. Defendant HIC, through its CEO/general manager Mr. Chen, contacted BBG's Chinese attorney by telephone, stating that HIC will not stop making, selling or exporting the

**ORDER ENTERING PERMANENT INJUNCTION**

3

Infringing Products.

18.     HIC continues to offer for sale, sell, use, manufacture, or import the Infringing Products after receiving the Letter.

19.     Defendant was served with process on May 9, 2018 in Las Vegas, Nevada, through its CEO/General Manager Zhenghai (Haierc) Chen who was physically present at the Las Vegas Convention Center.

## II. FINDINGS OF LAW

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) for claims of patent infringement arising under 35 U.S.C. §§ 271 and 281.

2.     This Court has personal jurisdiction over Defendant.

3.     Venue is proper in this judicial district under 28 U.S.C. § 1391 and 1400.

4.     Plaintiff's United States Patents Nos. 7,596,910 ( "the '910 Patent"); 8,276,324 ("the '324 Patent"); 8,479,457 ("the '9,457 Patent"); 8,365,457 ("the '5,457 Patent); 7,941,977 ("the '977 Patent"); 8,250,814 ('the '814 Patent"); 8,191,303 ("the '303 Patent"); 8,245,435 ("the '435 Patent"); 9, 386, 764 ("the '764 Patent"); and 8,601,747 ("the 747 Patent") (collectively "the BBG Patents") are enforceable and not invalid.

5.     In violation of 35 U.S.C. § 271, HIC has infringed and is infringing at least claims 1 and 21 of the '910 Patent through direct infringement and infringement under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing at least Model HC1118-W5 of the Infringing Products.

6.     In violation of 35 U.S.C. § 271, HIC has infringed and is infringing at least claim 1 of the '324 Patent through direct infringement and infringement under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing at least Model HC1118-W5 of the Infringing Products.

7.     In violation of 35 U.S.C. § 271, HIC has infringed and is infringing at least claim 1 of the '9,457 Patent through direct infringement and infringement under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing at least Model HC1118-

**ORDER ENTERING PERMANENT INJUNCTION**

4

W5 of the Infringing Products.

8. In violation of 35 U.S.C. § 271, HIC has infringed and is infringing at least claim 1 of the '977 Patent through direct infringement and infringement under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing at least Model HC1118-W5 of the Infringing Products.

9. In violation of 35 U.S.C. § 271, HIC has infringed and is infringing at least claim 1 of the '814 Patent through direct infringement and infringement under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing at least Model HC1118-W5 of the Infringing Products.

10. In violation of 35 U.S.C. § 271, HIC has infringed and is infringing at least claim 1 of the '303 Patent through direct infringement and infringement under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing at least Model HC1118-W5 of the Infringing Products.

11. In violation of 35 U.S.C. § 271, HIC has infringed and is infringing at least claim 1 of the '5,457 Patent through direct infringement and infringement under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing at least Model HC1118-W5 of the Infringing Products.

12. In violation of 35 U.S.C. § 271, HIC has infringed and is infringing at least claim 1 of the '747 Patent through direct infringement and infringement under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing at least Models HC1104-W3 and W5, HC1101-U2, W3, W4 and W5 of the Infringing Products.

13. In violation of 35 U.S.C. § 271, HIC has contributed to or induced infringement of the BBG Patents, by contributing to or inducing others' infringement of the BBG Patents, including its distributor(s), Amazon.com, Ebay and other similar B2C websites.

14. HIC had actual notice of the BBG Patents on or about March 23, 2018.

15. HIC has continued to offer for sale and/or sell the Infringing Products on the Websites and/or through its Distributors, after receiving the Letter.

**ORDER ENTERING PERMANENT INJUNCTION**

16. Infringement of the BBG Patents by HIC has been and continues to be willful.

17. As a direct and proximate result of HIC's infringement, BBG has suffered, and will continue to suffer, substantial damages.

### III. ORDER

Now, therefore, it is hereby ORDERED as follows pursuant to 35 U.S.C. § 283:

1. HIC, including any of its agents, servants, employees, representatives, successors, assigns, attorneys, licensees, distributors, and all persons and companies in privity or active concert or participation with Defendant, and all persons acting under their permission and authority, effective immediately upon entry of this Order, are permanently enjoined from:

    a) Mailing or importing the Infringing Products to the United States.

    b) Making, using, offering to sell, selling, or distributing the "Infringing Products" in the United States, either directly or indirectly.

    c) Assisting any other entities in making, using, ordering, purchasing, selling, offering for sale, or distributing the Infringing Products in the United States or importing the Infringing Products to the United States.

    d) Advertising, offering for sale, or selling the Infringing Products on Amazon.com or other websites that are directed mainly towards U.S. customers.

    e) Assisting any entities in advertising, offering for sale, or selling the Infringing Products on Amazon.com or other shopping websites that are directed mainly towards U.S. customers.

    f) Processing any orders of the Infringing Products placed by any U.S. customers.

    g) Advertising, showing, exhibiting, selling, or offering to sell the Infringing Products at any tradeshows in the United States, including the National Hardware Show in Las Vegas, Nevada.

2. HIC, including any of its agents, servants, employees, representatives, successors, assigns, attorneys, licensees, distributors, and all persons and companies in privity or active

**ORDER ENTERING PERMANENT INJUNCTION**

concert or participation with Defendant, and all persons acting under their permission and authority, are directed to, within 14 days of entry of this Order:

    a) Remove completely and permanently any listings of the Infringing Products on websites that are directed mainly towards U.S. customers, including Amazon.com.

    b) Take commercially reasonable steps to recall or destroy the entire inventory of the Infringing Products within the United States.

    c) Make reasonable efforts to contact any distributors that transport, sell, or offer to sell the Infringing Products to the U.S. to recall or destroy the Infringing Products.

3. This Court shall retain jurisdiction over the subject matter and parties for the purpose of enforcing this judgment.

**IT IS SO ORDERED:**

_____
**UNITED STATES JUDGE**

DATED: This 6th day of November, 2018.

**ORDER ENTERING PERMANENT INJUNCTION**

7